UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

QBE SPECIALTY INSURANCE COMPANY          CIVIL ACTION

VERSUS

ECOLAB, INC., ET. AL.                    NO.:12-00782-BAJ-RLB

## RULING AND ORDER

Before the Court is a **Motion to Dismiss (Doc. 28)**, filed by Defendant Vincent J. Dantoni ("Dantoni"), seeking an order from this Court dismissing Plaintiff QBE Specialty Insurance Company's ("QBE") claims against him. Dantoni asserts that he cannot be held personally liable for QBE's non-bodily injury claims because he was an employee of Co-Defendant Ecolab Inc. ("Ecolab") at the time of the incident and that he was acting within the course and scope of his employment. The motion is opposed. (Doc. 29.) Oral argument is not necessary. Jurisdiction is proper pursuant to 28 U.S.C. §1332.

## I.   BACKGROUND

This is a negligence and breach of contract action filed by QBE against Defendants Ecolab, Inc. and Dantoni (Doc. 42, ¶¶ 11, 15), that arises from a late-night fire that occurred at a Sonic restaurant in Baton Rouge, Louisiana on November 7, 2011. (Doc. 42, ¶ 8.) QBE alleges that the restaurant hired Ecolab to provide pest control services on the restaurant's premises, and that the fire was caused by Dantoni, Ecolab's employee, due to improper application of pesticides in

1

the restaurant. (Doc. 42. ¶¶ 7-9.) QBE further alleges it paid benefits under an insurance policy to the restaurant's owner for the loss of the building, contents, and business income. (Doc. 42, ¶ 10.) QBE brings this lawsuit as subrogee of Sonic to recover damages to the extent of its payment of benefits under the policy, including applicable deductibles. (Doc. 42, ¶ 10.) Dantoni denies all liability. (Doc. 43, ¶ 1.)

 QBE contends that Ecolab and Dantoni are liable, jointly and in solido, because Ecolab hired Dantoni, an employee or subcontractor, to apply the pesticide to the restaurant on November 7, 2011. (Doc. 42, ¶ 11.) Also, QBE alleges Dantoni's negligent application of the pesticide ultimately caused the fire and destruction of the restaurant. (Doc. 42, ¶ 12.)

Dantoni argues that QBE has failed to plead sufficient facts to allege plausible claims against him (Doc. 43, ¶1), and, as a matter of law, he was an employee of Defendant Ecolab at the time of the accident and thus cannot be held personally liable for any damages. (Doc. 43, ¶11.)

## II.  STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order to survive a Rule 12(b)(6) motion, a pleading's language, on its face, must demonstrate that there exists plausibility for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the

2

reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). In determining whether it is plausible that a pleader is entitled to relief, a court does not assume the truth of conclusory statements, but rather looks for facts which support the elements of the pleader's claim. *Twombly*, 550 U.S. at 557. Factual assertions are presumed to be true, but "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" alone are not enough to withstand a 12(b)(6) motion. *Iqbal*, 556 U.S. at 678.

## III.   ANALYSIS

Dantoni contends that QBE's complaint fails to allege any claims for bodily injury. As a result, he asserts that, where complaints by a third party lack a specific claim for bodily-injury damages, courts have not allowed claims for personal liability against employees performing duties for their employer.[1] He further asserts that "Louisiana federal district courts and the Fifth Circuit Court of Appeals have interpreted [Louisiana law] as only imposing liability on an employee in circumstances involving bodily injury claims and have refused to extend an employee's liability to third parties who suffer only non-bodily injuries[.]" (Doc. 28-1, at 3.) Dantoni directs the Court to various decisions rendered in the Fifth Circuit, including the decision in *Kling Realty Co. v. Chevron USA, Inc.*, 575 F.3d 510, 515-16 (5th Cir. 2009) (affirming a ruling that "plaintiff 'had no reasonable possibility of recovery against' Chevron's employee for alleged property contamination that resulted in claimed property damage and emotional distress but where plaintiff did

---

[1] Dantoni directs the Court to *Canter v. Koehring Co.*, 283 So. 2d 716, 721 (La. 1973). Dantoni asserts that the Louisiana Supreme Court permits personal liability claims against an individual employee in limited circumstances, yet he failed to fully define such circumstances.

not allege bodily injury[.]") (Doc. 28-1, at 3.)[2] Dantoni asserts that, without a bodily-injury claim, QBE's complaint fails to state a claim against him as a matter of law and that the motion should be granted.

QBE opposes the motion and asserts that Dantoni "overstates his case" because "an employee is only exempt from non-bodily injury claims if acting within the course and scope of employment at the time of the incident." (Doc. 29, at 1.) QBE maintains that both Dantoni and his employer, Ecolab, have failed to assert that Dantoni was acting within the course and scope of his employment and, without such admission, Dantoni may still be found to have been acting outside the course and scope of his employment and possibly individually liable for his actions. (*Id.*, at 2.) QBE asserts that "where an affirmative defense disclosed in a complaint is conditional rather than absolute, a Rule 12(b)(6) Motion to Dismiss should be denied."[3] (Doc. 29, at 2.) QBE urges the Court to consider the possible prejudice to it as a result of Dantoni's dismissal, as QBE believes that the dismissal would allow Ecolab to later blame liability on Dantoni's sole negligence, thus avoiding liability for both Defendants. (*Id.*) In the alternative, QBE maintains that, if the motion is granted, "it should be granted without prejudice and conditioned upon both Defendants making a judicial admission asserting Dantoni was acting within the

---

[2] Dantoni directs the Court to *Unimobil 84, Inc. v. Spurney*, 797 F.2d 214, 218 (5th Cir. 1986) (trial court properly granted corporate officers' motion to dismiss negligence claims because plaintiff did not allege bodily injuries); *Hibernia Comm. Dev. Corp. v. U.S.E. Comm. Svcs. Grp.*, 166 F. Supp. 2d 511, 515 (E.D. La. 2001) (finding that "no cause of action exists" against defendant's employee where no bodily-injury claims asserted).

[3] QBE directs the Court to *McCalden v. California Library Ass'n*, 955 F. 2d 1214, 1219 (9th Cir. 1990) (overruled on other grounds by *Harmston v. City and County of San Francisco*, 627 F.3d 1273 (9th Cir. 2010)).

4

course and scope of his employment with Ecolab at all times," or, pursuant to Rule 12(i), "the court should defer ruling on the motion until discovery on the issue can be had." Despite any argument, however, QBE avers that it has pled sufficient facts to state a claim of relief against both Ecolab and Dantoni. (Doc. 29.)

The Court agrees that an employee acting in the course and scope of his employment cannot hold personal liability to a third-party plaintiff where there are only non-bodily injuries alleged. Indeed, the law is clear that ". . . liability to third persons for the negligence of corporate officers and employees may only be imposed for bodily injury claims." *Kling Realty Co., Inc.*, 575 F.3d at 515. Where the only injuries alleged are either economic or emotional in nature, there is no basis for recovery under Louisiana law, as it is interpreted by the Fifth Circuit. *Id.*

QBE's opposition does not contest the accuracy of the law of this Court. Nevertheless, it attempts to convince the Court that Dantoni and Ecolab must expressly state, or enter a stipulation on the record, that Dantoni acted in the course and scope of his employment to be within the bodily-injury exception of Louisiana law. Without an express admission concerning course and scope, QBE urges the Court to consider that it will be prejudiced if Dantoni is dismissed.

As noted, the Court cannot assess the truth of conclusory statements and, while factual assertions are presumed to be true, the Court is not required to accept such assertions where stark ambiguity exists in the allegations. Here, the record is factually ambiguous on this point, and the elements necessary for the Court's determination on the merits *sub judice* have not been established. The well-pleaded

5

facts suggest that Dantoni may have been an employee at the time of the incident, or that he may have been an independent contractor of Ecolab. As such, since the outcome of this motion rests heavily on this particular factual issue, the Court will deny the motion at this time.

## IV.   CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant Vincent J. Dantoni's **Motion to Dismiss (Doc. 28)** is **DENIED, without prejudi**ce, subject to the Defendant's right to re-urge the motion at a later date.

Baton Rouge, Louisiana, this $3/^{ST}$ day of March, 2014.

**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**